UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **MICHAEL ARTHUR McGIFFIN,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | |
| § | CIVIL ACTION NO. V-08-24 | |
| **NATHANIEL QUARTERMAN, Director,** § | | |
| **Texas Department of** § | | |
| **Criminal Justice, Institutional Division,** § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION & ORDER

Petitioner Michael Arthur McGiffin ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) Respondent has filed a Motion for Summary Judgment (Dkt. No. 24) to which Petitioner has responded (Dkt. No. 30). After considering the parties' arguments, the record, and the applicable law, the Court is of the opinion that Respondent's motion should be GRANTED and Petitioner's habeas petition be DENIED.

**Factual Background**

Petitioner is incarcerated pursuant to a judgment and sentence of the 24th District Court of Calhoun County, Texas, in cause number 2004-3-6046, styled *State of Texas v. Michael Arthur McGiffin*. (Calhoun County Clerk's Record (CR) at 155.) On July 20, 2005, a jury found Petitioner guilty of the felony offense of sexual assault of a child. (6 Calhoun County Reporter's Record (RR) at 76.) Petitioner elected to be sentenced by the trial court, and on August 15, 2005, Petitioner was sentenced to fifty-five years incarceration in the TDCJ-CID and fined $10,000. (CR 155; 9 RR 124.)

Petitioner timely appealed his conviction. *See McGiffin v. State*, No. 13-05-561-CR, 2006 WL 2294553 (Tex. App.—Corpus Christi Aug. 10, 2006). In an August 20, 2006 unpublished opinion, the Texas Thirteenth Court of Appeals affirmed Petitioner's conviction and sentence. *Id.* While Petitioner was granted an extension of time until November 10, 2006 in which to file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals (TCCA), he did not file a PDR. (Dkt. No. 1 at 3.) On December 31, 2007, Petitioner filed an application for state writ of habeas corpus challenging his conviction, which the TCCA denied without written order on April 16, 2008. *Ex parte McGiffin*, No. 69,431-01, 2321509. On March 17, 2008, Petitioner filed the present federal habeas petition. (Dkt. No. 1 at 9.)[1]

## Statute of Limitations

Petitioner's federal habeas petition is subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996 effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under the AEDPA, federal habeas petitions that challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

1. *See Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a federal habeas petition is considered filed on the date it is placed in the prison mail system).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner failed to file his federal habeas petition within the one-year statute of limitations under the AEDPA. Petitioner was sentenced on August 15, 2005, and the Texas Thirteenth Court of Appeals affirmed his conviction on August 10, 2006. Despite being granted a one-month extension of time in which to file a PDR, Petitioner failed to do so. Thus, Petitioner's conviction became final on November 10, 2006, and the one-year period commenced on that date. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (limitations period commences when period for filing PDR in state court ends). Petitioner had until November 10, 2007 to file his federal petition, and his petition was filed over four months too late unless he can show that the limitations period should be tolled.

**Statutory Tolling**

Petitioner contends that the limitations period should be tolled because he filed a state habeas application on December 31, 2007. However, it is well settled that a state

habeas application filed more than one year after a petitioner's conviction is final has no tolling effect. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

### Equitable Tolling

Petitioner also presents three arguments in favor of equitable tolling:

1. Court appointed counsel [sic] misconduct of not returning petitioner's case file.
2. Petitioner was suffering from Post-herpetic neuralgia. State health care providers would not order antiviral medication to stop the pain.
3. Petitioner was suffering from a bad gastrointestinal disorder.

(Dkt. No. 30 at 8 & 9.)

As the Fifth Circuit has explained, "equitable tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)). Equitable tolling applies where the petitioner is actively misled by the respondent or the court about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("To be entitled to equitable tolling, [a petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotations omitted). Ignorance of the law or excusable neglect is not a justification for equitable tolling. *Fierro*, 294 F.3d at 682; *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000)

(proceeding pro se is not a "rare and exceptional" circumstance sufficient to support equitable tolling).

First, Petitioner complains of "Court appointed counsel [sic] misconduct of not returning petitioner's case file." (Dkt. No. 1 at 8.) Petitioner has offered evidence that between December 2005 and August 2007, Petitioner wrote three letters to his trial counsel, Luis Martinez, requesting the contents of his case file. (Dkt. No. 30 Exs. CF-1, CF-7-1 & CF-21.) Petitioner also complained to the Supreme Court of Texas Board of Disciplinary Appeals regarding trial counsel's failure to return his case file, althought not until approximately eight months after the deadline for filing his federal habeas petition had passed. (*Id.* Exs. CF-9, CF-10, CF-11 & CF-13.) Petitioner's trial counsel ultimately sent Petitioner the contents of his case file on December 23, 2008. (*Id.* Ex. CF-17-0.)

While attorney misconduct may be grounds for equitable tolling, Petitioner has offered no evidence that Mr. Martinez deceived him into believing that he had already filed a habeas petition on Petitioner's behalf. *U.S. v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (attorney's deception in convincing prisoner that he filed timely habeas petition on prisoner's behalf presents rare and extraordinary circumstance that may warrant equitable tolling). Nor has Petitioner alleged that the Respondent or the Court withheld his case file, actively misled him, or otherwise kept him from filing a habeas petition. *Tiner v. Treon*, 2000 WL 1273384, 1 (5th Cir. 2000) (unpublished) (rejecting petitioner's claim that failure of State, district attorney, and petitioner's former attorney to provide petitioner with copy of state records prevented him from filing timely habeas petition, where Petitioner did not show State actively misled him or prevented him from filing petition). Instead, Petitioner was ultimately able to file both his state and federal habeas

petitions without his trial counsel's file. As the Fifth Circuit explained in a nearly identical case:

> [Petitioner] has not shown that not having possession of his trial counsel's file prevented him from filing his application, as opposed to proving his claims. *See Flanagan,* 154 F.3d at 199 (holding that § 2244(d) "does not convey a statutory right to an extended delay ... while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, *support* his claim.").
>
> [Petitioner] was able to file his state habeas application without first obtaining a copy of his trial counsel's file, and he ultimately, if belatedly, also filed his § 2254 application without first obtaining a copy. *See id.* at 198-99. He has not shown that lack of possession of the file prevented him from filing his application on time.

*Hatcher v. Quarterman*, 2008 WL 5210640, 1 (5th Cir. 2008).

Petitioner's second and third arguments regarding his health are no more persuasive. Petitioner complains that the statute of limitations should be tolled because "Petitioner was suffering from Post-herpetic neuralgia" and "a bad gastrointestinal disorder." (Dkt. No. 30 at 8—9.) According to Petitioner, he was denied pain medication for his post-herpetic neuralgia (PHN) (commonly known as adult shingles) several times during the period from November 2006 to November 2007, and without this medication he could not function normally. Further, Petitioner's gastrointestinal disorder caused frequent bouts of diarrhea, and Petitioner's library time was cut short because he could not take a restroom break while using the prison's law library, but instead had to return to his cell.

Although the Court sympathizes with Petitioner's physical plight, Petitioner has failed to establish that his medical condition actually prevented him from pursuing his legal rights within the one-year time limitations set forth by the AEDPA. With respect to Petitioner's PNH, Petitioner has offered extensive medical records purporting to support

his claim that "State health care providers would not order antiviral medication [Acyclovir] to stop the pain." These records instead demonstrate that each time Petitioner reported a shingles outbreak, he was quickly seen by a physician and prescribed a host of medications, including Acyclovir, Aspirin, and Ibuprofen. (Dkt. No. 30, Exs. PHN-1—PHN-35-6.) Additionally, while Petitioner claims that his pain level prevented him from sitting in an upright position (Dkt. No. 30 at 18b), his condition was not so poor that he was unable to write, as Petitioner has provided the Court with numerous letters and legal memoranda he wrote during the period after his conviction became final. (*Id.* Exs. G-8-1—G-8-1-1, G-10, G-11, CF-7-1 and DIA-20-1.) With respect to Petitioner's claim that he was unable to use the law library due to his recurring bouts of diarrhea, Petitioner admits that this problem did not arise until October 9, 2007. (Dkt. No. 30 Ex. DIA-20-1.) During the eleven month period from November 2006 to October 2007, Petitioner's access to the law library was unaffected.

Additionally, Petitioner has simply not shown that he was diligent in pursuing his rights. Petitioner's own evidence shows that he was aware that the deadline to file his habeas petition was approaching. (Dkt. No. 30 Ex. CF-7-1.) Petitioner was also aware that he could seek an extension of time in which to file his petition, just as he sought with respect to his PDR. (Dkt. No. 1 at 3; Dkt. No. 30 Ex. G-7.) In fact, Petitioner was granted two extensions of time in which to respond to Respondent's motion for summary judgment in this action. (Dkt. Nos. 26 & 29.) However, Petitioner failed to act diligently and request an extension of time to file his original habeas petition. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 713 n. 11 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

In sum, Petitioner has not established that he is entitled to any tolling. Therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner needs to obtain a certificate of appealability before he can appeal the dismissal of his petition. A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

For the foregoing reasons, Respondent's Motion for Summary Judgment (Dkt. No. 24) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody (Dkt. No. 1) is **DISMISSED**. Petitioner's Motion to File a Protective 28 USC § 2254 Petition for Writ of Habeas Corpus and Stay While He Exhaust [sic] His State Remedies (Dkt. No. 3), Application for Subpoena Duces Tecum (Dkt. No. 8), and Motion for Extension of Time to File Response to Respondents [sic] Dispositive

Response (Dkt. No. 27) are **DENIED** as moot. Petitioner's second Motion to File a Protective 28 USC § 2254 Petition for Writ of Habeas Corpus and Stay While He Exhaust [sic] His State Remedies (Dkt. No. 5), which appears to repeat petitioner's request in Docket Number 3, is also **DENIED** as moot. The Court further **DENIES** Petitioner a Certificate of Appealability.

It is so ORDERED.

Signed this 18th day of February, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE